UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ERIC HUDSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:13-cv-04091-SLD-JEH |
| RONALD SALIER, | ) ) ) |
| Defendant. | ) ) ) |

ORDER

Plaintiff Eric Hudson is suing Ronald Salier, an Illinois State Police Officer, in his individual capacity, pursuant to 42 U.S.C. § 1983, alleging that Salier falsely arrested him. Salier moves for summary judgment, ECF No. 10. For the following reasons, his motion is GRANTED.

## BACKGROUND[1]

On October 23, 2011, at 12:30 a.m., Johnny Hicks was driving through Rock Island. ¶ 1. Hudson was in the passenger seat. *Id.* Salier pulled Hicks over because his passenger-side headlight was out. ¶ 2, Salier Dep. 9:18–19, ECF No. 11-2. When Salier ran Hicks's identity through the computer installed in his squad car, he discovered that there was a warrant for Hicks's arrest. ¶ 3. Salier arrested Hicks. ¶ 4. During this process, Hicks indicated to Salier that Hudson could drive the car away from the scene of the arrest, so that it would not have to be

---

[1] The fact recounted here are taken from Salier's statement of material facts, attached to his Motion for Summary Judgment, and Hudson's response to those facts, contained in his Response, ECF No. 12, to the Motion for Summary Judgment. Unless otherwise noted, citations are to paragraphs in Salier's statement of facts. Where the parties are in agreement, the facts are described without comment; where the parties disagree, the disagreement is noted. All facts are recounted and construed in the light most favorable to Hudson, the non-moving party. *See McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

towed. ¶ 5, Salier Dep. 60:6–10. Following standard procedure, Salier obtained Hudson's driver's license and, when he ran it through his computer, found an arrest warrant for Clifton Hudson—Eric Hudson's brother, it transpired—which listed an alias name of Eric Hudson and an alias date of birth matching the date printed on Eric Hudson's driver's license (December 28, 1974). ¶¶ 7–9. On the strength of the Clifton Hudson warrant, Salier arrested Eric Hudson as well, and radioed for backup. ¶ 10. While Hudson was being handcuffed, some of Hudson's family members arrived on the scene, one of whom was Clifton. ¶¶ 11, 12. In what appears to have been a scene of some confusion, the assembled family members tried to communicate to Salier that Eric Hudson did not have a warrant for his arrest—although not that Clifton, on whose warrant Eric was being arrested, was present. ¶ 13, Salier Dep. 43:10–13. Salier took Eric Hudson to the Rock Island County Jail, where he was booked and released on bond some hours later. ¶ 18, Hudson Dep. 58:20–59:5, ECF No. 11-1. When he handed Hudson over to the jail staff, Salier instructed them to run a LiveScan fingerprint check on Hudson to determine whether there was indeed a warrant for his arrest. ¶ 17, Salier Dep. 67:5–7.

## DISCUSSION

I. **Legal Standard on a Motion for Summary Judgment**

Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (internal quotation marks omitted). A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

At the summary judgment stage the court's function is not to weigh the evidence and

determine the truth of the matter, but to determine whether there is a genuine issue for trial—that is, whether there is sufficient evidence favoring the non-moving party for a jury to return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Patel v. Allstate Ins. Co.*, 105 F.3d 365, 370 (7th Cir. 1997). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010) (citing *Anderson*, 477 U.S. at 255).

The movant in a summary judgment motion bears the initial burden of production—pointing the court to the materials in the record that "demonstrate the absence of a genuine issue of material fact" for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmovant bears the ultimate burden of persuasion on a particular issue, however, the requirements on the movant are "not onerous" and "may be discharged by showing—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (internal quotation marks omitted). Once the movant discharges her burden, the burden shifts to the nonmovant to "make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322. To satisfy this burden, a nonmovant must "go beyond the pleadings . . . to demonstrate that there is evidence upon which a jury could properly proceed to find a verdict in her favor." *Modrowski*, 712 F.3d at 1169 (internal quotation marks omitted). "A plaintiff may not defeat the defendant's properly supported motion for summary judgment without offering any significant probative evidence tending to support the complaint." *Tri-Gen Inc. v. Int'l Union of Operating Engineers, Local 150, AFL-CIO*, 433 F.3d 1024, 1038 (7th Cir. 2006) (internal quotation marks omitted).

## II. Analysis

Salier argues that he is entitled to summary judgment because he did not violate Hudson's Fourth Amendment rights, and because he did not in any even violate Salier's clearly-established rights. Mem. Supp. Mot. Summ. J. 1, ECF No. 11. Hudson responds that a jury could find that Salier's arrest was objectively unreasonable, violating Hudson's Fourth Amendment rights; and that, because a jury could find Salier was plainly incompetent, he is not entitled to qualified immunity. Mem. Supp. Resp. Mot. Summ. J. 5, ECF No. 13.

The doctrine of qualified immunity protects government officials from civil liability for their actions in the course of their duties "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). It is designed to shield government agents from liability when they perform their duties reasonably in light of extant law, even where a plaintiff's rights are violated. *Id.* Thus, "in order to defeat a properly raised qualified immunity defense, the plaintiff must establish two things: first, that the facts alleged describe a violation of a protected right; and second, that this right was clearly established at the time of the defendant's alleged misconduct." *Gerhartz v. Richert*, 779 F.3d 682, 688 (7th Cir. 2015) cert. denied, 136 S. Ct. 319 (2015). Depending on the exigencies of the particular case, a court may answer the questions in either order, and need not answer both if one proves to be dispositive. *Pearson*, 555 U.S. at 236.

Here, the Court need not determine whether any right of Hudson's that was violated was clearly established, because, on the undisputed facts construed in the light most favorable to Hudson, his Fourth Amendment rights were not violated at all. "[W]hen the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest." *Hill v. California*, 401 U.S. 797, 802

(1971).  Thus, an arrest, though of the wrong person, is nonetheless constitutional when probable cause exists to arrest one person and the police reasonably believe they are arresting that person. *Tibbs v. City of Chicago*, 469 F.3d 661, 664 (7th Cir. 2006).  There is no dispute that a valid warrant for the arrest of Clifton Hudson existed, which on its own supplied probable cause for Clifton's arrest.  *See Powe v. City of Chicago*, 664 F.2d 639, 647 (7th Cir. 1981).  The question in the instant case thus turns on the reasonableness of Salier's decision to arrest Eric Hudson.

Salier knew there was a valid warrant for Clifton Hudson's arrest, that the warrant listed "Eric Hudson" as one of Clifton's aliases, and that the listed alias also included the birth date displayed on Eric's facially valid driver's license.  If Eric Hudson was in fact Clifton Hudson, then the warrant authorized his arrest; if he was not, then it did not.  *See* Salier Dep. 43:1–2. While Salier did not mistakenly *believe* that Eric was Clifton, he could not determine definitively from the circumstances whether Eric was Clifton, and arrested him so that the booking officers could run a fingerprint scan to determine his identity more conclusively.  *Id.* 67:8–12.  In cases where a driver's license matches an alias for a person with a warrant, courts have not required the officer to believe that the person arrested is actually the person for whom the warrant has issued, but rather have supported the officer's action if arrest was reasonable under all the circumstances.  *See, e.g.*, *Brown v. Patterson*, 823 F.2d 167, 169 (7th Cir. 1987) (holding that no violation occurred when an officer arrested a black male whose name was listed as an alias on a warrant but whose birthday and address did not match); *Hull v. City of Chicago*, No. 14-3455, 2015 WL 4995077, at *3 (7th Cir. Aug. 21, 2015) (nonprecedential order) (holding that no violation occurred when a man was arrested on a warrant for his brother's arrest where his brother had previously offered the plaintiff's name, birthday, and social security number as an alias); *see also Johnson v. Miller*, 680 F.2d 39, 40 (7th Cir. 1982) (holding that no violation

5

occurred when officers arrested a woman on a warrant that bore her name but described the individual to be arrested as shorter than plaintiff and of a different ethnicity).

Applying the rule of *Brown*, not only was it not unreasonable for Salier to arrest Hudson because his name and birthdate appeared as an alias on an arrest warrant, "[Salier] would have been imprudent *not* to take in [Hudson] for further investigation." 823 F.2d at 169. Salier reasonably believed that he might be dealing with Clifton Hudson, for whom a warrant existed. Although Eric Hudson's driver's license appeared to be legitimate, Salier Dep. 27:15–17, "aliases and false identifications are not uncommon." *Hill*, 401 U.S. at 803. Hudson argues that had Salier listened to the protests of the family members present, he could have determined that the warrant was not a warrant for Eric but rather for Clifton Hudson. Mem. Supp. Resp. Mot. Summ. J. However, once an officer establishes probable cause to make an arrest, he is under no obligation to seek out further, potentially exculpatory evidence. *See Baker v. McCollan*, 443 U.S. 137, 145–46 (1979); *Matthews v. City of East St. Louis*, 675 F.3d 703, 707 (7th Cir. 2012). And an officer cannot be expected to decline to arrest a suspect merely because the suspect or a family member objects that a warrant is invalid. *See Brown*, 823 F.2d at 169 ("The fact that Brown denied being Moseley was only to be expected, even if Brown was Moseley."). In the event, Salier did take reasonable steps to determine whether Eric Hudson was Eric Hudson—he directed the intake processors at the county jail to scan Hudson's fingerprints, Salier Dep. 35:1–2, which they did, and on the basis of which, according to Salier, determined Eric Hudson's true identity, *id.* at 69:13–15.

No reasonable jury could conclude that Salier acted unreasonably in arresting Hudson and taking him to a place—jail—that had the capacity to determine Hudson's identity with any

6

degree of certainty; thus, Salier did not violate Hudson's constitutional rights and cannot be held liable under § 1983.

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment, ECF No. 10, is GRANTED, and Plaintiff's claim dismissed. No further claims remaining, the Clerk is directed to enter judgment, closing the case.

Entered this 4th day of December, 2015.

s/ Sara Darrow

SARA DARROW
UNITED STATES DISTRICT JUDGE